This action for recover of the cleanup costs of an oil spillage[1] is before the court on the third-party defendant’s motion to dismiss plaintiffs amended petition. The amended petition states that the oil spillage occurred as a result of an accident involving a vehicle operated by the third-party defendant and a truck operated by plaintiffs insured.[2] At the time of the accident, the truck was carrying heating fuel. The amended petition alleges that, as a consequence of the accident, heating fuel was spilled "onto the highway.” The amended petition alleges further that a "clean up *714 action was taken at the direction of the Department of Environmental Resources and the Environmental Protection Agency so as to prevent the spilled heating oil from draining into a nearby tributary of the Neshaminy Creek, said waterway eventually finding its course into the Delaware River.”
The third-party defendant moves to dismiss the amended petition on the ground that the "nearby tributary of the Neshaminy Creek” cannot, under any circumstances, be considered part of the navigable waters of the United States within the meaning of 33 U.S.C. § 1321(b)(3) (1976). This suggested ground for dismissal is without merit. Considering only the allegations in the amended petition, we cannot say that the "nearby tributary of the Neshaminy Creek” is not a navigable water of the United States within the meaning of section 1321(b)(3). It is at least possible that the tributary is a navigable water within the meaning of this section. See 33 U.S.C. §§ 1362(7) and 1321(a)(5) and cases interpreting these provisions, e.g., United States v. Texas Pipe Line Co., 611 F.2d 345, 347 (10th Cir. 1979); United States v. Earth Sciences, Inc., 599 F.2d 368 (10th Cir. 1979); United States v. Ashland Oil & Transportation Co., 504 F.2d 1317, 1325 (6th Cir. 1974).[3] Accordingly, because the ground on which the third-party defendant bases his motion to dismiss is without merit, we deny his motion to dismiss. We emphasize, however, that we are not holding that the allegations in the amended petition state a claim over which court has jurisdiction;[4] we are holding merely that we are not compelled at this point to dismiss the petition on the ground advanced by the third-party defendant.[5]
it is therefore ordered that the third-party defendant’s motion to dismiss is denied and the case is remanded to the trial division for further proceedings.

 The action is based on the part of the Federal Water Pollution Control Act which is codified at 33 U.S.C. § 1321(i) (1976).

 Plaintiffs insured was "Louis Mele t/a M & S Oil Company.”

 The court in Ashland Oil & Transp. Co. indicates, in dictum, that for purposes of section 1321(b)(3) the navigable waters of the United States include all water bodies— that is, both main streams and their tributaries — within the geographical boundaries of the United States.

 See Quarles Petroleum Co. v. United States, 213 Ct. Cl. 15, 551 F.2d 1201 (1977).

 We note the amended petition does not allege that the spilled oil ever reached the "tributary of the Neshaminy Creek.” Section 1321(b)(3), however, prohibits not merely the discharge of oil into a navigable water, it prohibits in addition the discharge of oil "into or upon * * * adjoining shorelines” of a navigable water. The amended petition states that the tributary of the Neshaminy Creek was "nearby” the oil spillage and that the oil spillage posed a "threat” of polluting it.